## Charles M. Johnson, Defendant in Error, v. Clarence H. Morgan and Ira S. Ferguson, Plaintiffs in Error.

### Gen. No. 21,531. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN C. WORK, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed March 27, 1916.

### Statement of the Case.

Action by Charles M. Johnson, plaintiff, against Clarence H. Morgan and Ira S. Ferguson, defendants, for damages on account of defendants' breach of contract to convey land to plaintiff. From a judgment for $317.50 in favor of plaintiff, defendant Morgan brings error.

Ferguson was not served with summons, and suit proceeded by trial by the court to judgment for $317.50 against Morgan, who seeks reversal. An order severing Ferguson and permitting Morgan to prosecute his writ of error alone was entered in the Appellate Court.

By his statement of claim plaintiff averred that defendants made a contract with him to deliver and convey certain land in Washburn County, Wisconsin, for a consideration of $300 which plaintiff paid, but defendants breached this contract and have failed and refused to deliver and convey the land, to the damage of plaintiff.

Plaintiff testified that he met Ferguson "and talked to him in regard to some lots at Long Lake in Washburn County, Wisconsin." This was the only evidence as to any contract. Plaintiff then introduced a warranty deed whereby defendants conveyed to plaintiff a number of lots in Washburn County, Wisconsin. The deed appeared to be in proper form and was duly delivered to plaintiff. Plaintiff then said that he sent the deed to be recorded to the registrar of deeds of Washburn County, Wisconsin, but it was returned with a letter from the registrar which said that the plat of the property mentioned in the deed had not been recorded.

The lots conveyed by the warranty deed were described as in certain blocks in "Orielle Park, a subdivision," etc. At the date of the delivery of the deed there was a subdivision, duly platted into blocks and lots, of that name. The lots mentioned in the warranty deed could be readily identified and located from this plat. It appeared that defendants supposed this plat had been recorded in the office of the registrar, but such was not the fact. It did appear that prior to this suit the tract called Orielle Park had been replatted under another name, which latter plat had been recorded; that the blocks in this later plat were of the same size and numbered identically as the blocks of the Orielle Park plat, and that the lots mentioned in the deed could be identified and located on this later plat. A deed conveying to plaintiff these lots by more definite description in accordance with the later plat was offered for delivery to plaintiff provided he should withdraw his suit.

BROWN, BROWN & BROWN, for plaintiffs in error.

HARRIS, KAGY & VANIER, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 352*—*when evidence insufficient to establish breach of contract to convey land.* In a suit for damages on account of defendants' breach of contract to convey land to plaintiff, where a deed appearing to be in proper form was executed and delivered to plaintiff, evidence *held* insufficient to establish a breach of the contract.

2. VENDOR AND PURCHASER, § 352*—*when letter from registrar of deeds in State in which land located inadmissible.* Letter from registrar of deeds in another State in which he said that the plat of the property mentioned in deed which was returned therewith, had not been recorded, *held* not to be competent evidence in an action for breach of contract to convey the land described in such deed.

3. VENDOR AND PURCHASER, § 352*—*when unrecorded plat admissible in action for breach of contract to convey land.* An unrecorded plat of a subdivision of land whereon lots alleged to have been conveyed to plaintiff could be identified, *held* competent evidence in suit for breach of contract to convey such lots and to have been improperly stricken from the record.